UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIZA R., | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-cv-7386 |
| | ) | |
| v. | ) | Magistrate Judge Keri L. Holleb Hotaling |
| | ) | |
| FRANK BISIGNANO, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Eliza R. [1] appeals the decision of the Commissioner of the Social Security Administration ("Commissioner") ("SSA") denying her disability benefits. The parties have filed cross motions for summary judgment. [2] As detailed below, Plaintiff's motion for summary judgment [Dkt. 16] is GRANTED and Defendant's motion for summary judgment [Dkt. 19] is DENIED. The case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**1. Procedural History**

On April 30, 2022, Plaintiff protectively filed an application for supplemental security income, alleging disability beginning September 1, 2021. [Administrative Record ("R.") 15.] The claim was denied initially and on reconsideration. *Id*. On May 28, 2024, after an Administrative Hearing, an Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. [R. 15-27.] The Appeals Council denied review on October 8, 2024 [R. 1], rendering the ALJ's May 28, 2024

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

[2] Plaintiff has filed a "Brief in Support of Reversing and Remanding Commissioner's Decision" [Dkt. 16], which the Court construes as a motion for summary judgment.

1

decision the final decision of the Commissioner. 20 C.F.R. §404.981. On July 1, 2025, Plaintiff filed the instant action seeking review of the Commissioner's decision. [Dkt. 1.]

### 2. Social Security Regulations and Standard of Review

The court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). "This is not a high threshold; it requires only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (cleaned up) (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019)). While reviewing a Commissioner's decision, the Court may not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] judgment for that of the Commissioner." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (citation omitted). Although the Court reviews the ALJ's decision deferentially, the ALJ must nevertheless "build an accurate and logical bridge" between the evidence and their conclusion, which is satisfied by an "adequate[] discuss[ion of] the issues and evidence involved in the claim." *Hess*, 92 F.4th at 676; *Lincoln v. Bisignano*, No. 24-cv-2668, 2026 WL 1097737, at *2 (7th Cir. 2026); *Dunn v. Saul*, 794 F. App'x 519, 522 (7th Cir. 2019).

### 3. Discussion

The ALJ's May 28, 2024 decision found Plaintiff to have the severe impairments of depression, anxiety, and post-traumatic stress disorder ("PTSD"). [R. 17.] To address these impairments, the ALJ found Plaintiff to have a residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following limits:

> the claimant can understand, remember, and carry out simple and detailed but not complex instructions with sufficient persistence, concentration, or pace to timely

and appropriately complete job duties, no fast paced production rate or strict hourly quota requirements but can meet end of day requirements; and can tolerate occasional contact with coworkers, supervisors, and the general public.

[R. 19.] In forming this RFC, the ALJ reviewed all evidence of record including the medical opinion provided by Plaintiff's primary physician, Dr. Bhalala. [R. 24.] Dr. Bhalala opined Plaintiff could not work "due to high anxiety, could not work with coworkers, would be off task more than 30%, and would miss more than 6 days of work per month." [R. 24 (*referencing* Ex. 14F).] The ALJ did not find Dr. Bhalala's opinion persuasive, holding that the opinion was internally inconsistent and unsupported by Dr. Bhalala's records. [R. 24.] Plaintiff claims the ALJ erred by failing to address the consistency Dr. Bhalala's opinion with the evidence of record.[3] [Dkt. 16 at 9-10.] The Court agrees.

In evaluating a medical opinion, an ALJ is *required* to articulate how persuasive they found the medical opinion and evaluate the supportability and consistency (among other factors) of the opinion with the record. 20 C.F.R. § 404.1520c(b)(2). Supportability refers to "the objective medical evidence and supporting explanations presented by a medical source" to support their opinion. 20 C.F.R. § 404.1520c(c)(1). Consistency refers to the consistency of a "medical opinion(s)…*with the evidence from other medical sources and nonmedical sources in the claim*." 20 C.F.R. § 404.1520c(c)(2) (emphasis added). The ALJ properly addressed the supportability factor, finding Dr. Bhalala's records "not supported by his records, particularly given the routine nature of treatment, his lack of specialty, and because Dr. Bhalala's records are devoid of any significant mental status examination findings." [R. 24.] However, the ALJ failed to properly consider the consistency factor. The ALJ noted Dr. Bhalala's opinions "appear internally inconsistent" and cited sufficient contradictory evidence supporting the ALJ's

---

[3] Plaintiff makes several additional arguments claiming the ALJ erred. The Court does not address these other arguments in this Memorandum Opinion and Order as it finds that remand is otherwise warranted.

3

conclusion. *Id*. For example, the ALJ flagged Dr. Bahala's opinions that Plaintiff "would be "off task" more than 30%, yet notes no problems in sustaining attention and concentration for extended periods of time" and similarly that Plaintiff "would be absent more than 6 days per month, yet [Dr. Bahala] went on to opine that [Plaintiff] could perform activities within a schedule and maintain regular attendance[.]" *Id*. There is no question that the ALJ built an accurate and logical bridge explaining how and why Dr. Bhalala's opinion was internally inconsistent. However, the regulations require an ALJ to consider the consistency of the medical opinion against the evidence from *other* medical and nonmedical sources in the record. 20 C.F.R. § 404.1520c(c)(2). Crucially, in all the ALJ's discussion of Dr. Bhalala's opinion, the ALJ did not address the consistency of Dr. Bhalala's opinion against the other medical and nonmedical sources in the record.

While the Commissioner points to Seventh Circuit precedent holding that internal inconsistencies may be good cause to discount a treating physician's opinion, *Lehouillier v. Colvin*, 633 F.App'x 328, 344 (7th Cir. 2015), the Commissioner fails to recognize that such precedent predates the regulations in question. 20 C.F.R. § 404.1520c(c)(2), effective as of and applicable to all claims filed on or after March 27, 2017, revised the standard by which medical evidence is evaluated. Prior to these 2017 regulations, the SSA was required to give controlling weight to the opinions from a claimant's treating physician. 82 Fed. Reg. 5844 (Jan. 18, 2017). The 2017 regulations eliminated that requirement and instead now require ALJs to articulate the persuasiveness of medical opinions by discussing the supportability and consistency factors as described above as they are "objective measures that will foster the fairness and efficiency in our administrative process that these rules are designed to ensure." 82 Fed. Reg. 5844 (Jan. 18, 2017). In failing to articulate the consistency of Dr. Bhalala's medical opinion with the other medical and nonmedical sources in the record, the ALJ failed to meet the requirements under these regulations.

20 C.F.R. § 404.1520c(c)(2). Thus, the Court cannot let the ALJ's decision stand without this necessary analysis.

**4.      Conclusion**

For the reasons detailed above, the Court must remand this matter for proceedings consistent with this Memorandum Opinion and Order. Plaintiff's motion for summary judgment [Dkt. 16] is GRANTED and Defendant's motion for summary judgment [Dkt. 17] is DENIED.

**ENTERED: July 9, 2026**

Hon. Keri L. Holleb Hotaling,
United States Magistrate Judge